In the Matter of MYRON S. ROSEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 15, 1982

APPEARANCES OF COUNSEL

*Kim D. Ringler* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Gerald L. Shargel* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar on March 18, 1964, in the Second Judicial Department.

After 10 years in private practice, respondent was appointed senior administrative hearing officer of the Parking Violations Bureau in 1974. In 1978, respondent became Chief Counsel to the bureau, supervising all agency attorneys and the 300-member panel of hearing examiners. Respondent was instrumental in the drafting and adoption of revisions to the bureau's rules and regulations, the New York City traffic regulations and the Vehicle and Traffic Law. In his 15-year professional career, prior to the instances now under scrutiny, respondent has not been disci-

plined for any misconduct and it fully appears from the many letters attesting to his character that he performed as a competent, skillful attorney.

Respondent has fully acknowledged the charges of professional misconduct against him. Between June 8, 1979 and March 17, 1980, respondent improperly and illegally dismissed 29 parking summonses in his role as Chief Counsel to the Parking Violations Bureau. Ten of these summonses were issued to respondent and the others were issued to respondent's personal friend, employees of the Parking Violations Bureau, and said employees' relatives and associates. The dismissals were effected by manipulation of official records so as to make the summonses appear chargeable to other parties and conceal the identity of the motorist who had received the summons. Respondent signed these adjustments in his capacity as a hearing officer. With regard to the 19 summonses issued to others, respondent did not receive any benefit, monetary or otherwise. However, respondent's handling of his own summonses violated Parking Violations Bureau regulations and his conduct constituted dishonesty, fraud, deceit and misrepresentation, in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility.

On October 10, 1980, respondent pleaded guilty in New York County Criminal Court to an information charging him with the crime of official misconduct (Penal Law, § 195.00), a class A misdemeanor. Respondent was sentenced on October 14, 1980 to a fine of $500. He resigned from his position with the Parking Violations Bureau and paid restitution of $145, the amount requested by the bureau on the summonses issued against him.

The Departmental Disciplinary Committee sought an interim order of suspension, asserting that the crime of official misconduct was a "serious crime" under subdivision 4 of section 90 of the Judiciary Law. This court, by order of March 25, 1981, denied said request and referred factors relevant to the issue of sanction to the Disciplinary Committee to hear and report. A hearing panel has found respondent guilty of professional misconduct and recommended that respondent be suspended for a period of five

years. The Disciplinary Committee now moves to confirm the report.

Respondent's offenses, constituting dishonest and unauthorized exercises of his official powers, severely compromised the integrity of the adjudicatory processes of the Parking Violations Bureau and the very core function of respondent's former office. Disciplinary sanction is required.

In determining the appropriate measure of discipline to be imposed, we give considerable weight in this case to respondent's prior unblemished professional record, to the absence of the element of venality in respondent's misconduct, and to the full and immediate acknowledgment of wrongdoing by respondent including the payment of restitution. Respondent should be suspended from the practice of law for a period of two years, commencing 60 days from this date.

Accordingly, the motion by the Departmental Disciplinary Committee to confirm the report of the hearing panel is granted to the extent of finding respondent guilty of professional misconduct and it is ordered that respondent be suspended from the practice of law for a period of two years, commencing 60 days from the date of this order.

MURPHY, P. J., BIRNS, ROSS, MARKEWICH and FEIN, JJ., concur.

Respondent suspended as an attorney and counselor at law in the State of New York for a period of two years, effective September 15, 1982, and until the further order of this court.