In the Matter of J. ALEXIS CAPARROS (Admitted as JENARO ALEXIS CAPARROS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 6, 1988

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Ronald L. Kuby* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent J. Alexis Caparros was admitted to the practice of law under the name Jenaro Alexis Caparros by the First Department on July 8, 1985. Respondent was convicted, based upon a guilty plea of the crime of wire fraud, in violation of

18 USC § 1343, and was sentenced on June 27, 1988, to a term of three years' imprisonment. Execution of sentence was suspended and respondent placed on probation for a period of three years on condition that he undergo psychiatric treatment.

Petitioner has moved for an order: determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d); suspending him from the practice of law pending a final order of discipline; and directing him to show cause within 30 days why a final order of censure, suspension or disbarment should not be entered against him. In answer to the petition, respondent accepts the determination that a Federal felony offense constitutes a "serious crime" within the meaning of New York's Judiciary Law. Respondent, who has voluntarily ceased practicing law, also accepts petitioner's recommendation that he be suspended, but urges that the term of suspension be made concurrent with his term of probation. Petitioner, however, argues that respondent's probationary term should be considered the minimum period for respondent's suspension, given this court's ruling that an attorney may not practice law while serving on probation for commission of a crime (*Matter of Langberg,* 118 AD2d 323 [1st Dept 1986]; *Matter of Safran,* 107 AD2d 238 [1st Dept 1985]).

Inasmuch as respondent has been convicted of a felony under the laws of the United States, which is "a serious crime" under section 90 (4) (d) of the Judiciary Law and the rules of this court (22 NYCRR 603.12 [b]), immediate suspension pending a final order of discipline is warranted. Petitioner's motion is therefore granted, respondent suspended from the practice of law herewith, and respondent ordered to show cause within 30 days of entry of this court's order of suspension, why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., ROSS, ASCH, KASSAL and ROSENBERGER, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately and until the further order of this court.