[654 NYS2d 765]

In the Matter of STEPHEN L. HOLTZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 18, 1997

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Marvin Ray Raskin* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Stephen L. Holtz was admitted to the practice of law in the State of New York by the First Judicial Department on January 18, 1982. At all times relevant herein, respondent

has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order determining that respondent has been convicted of a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before petitioner, which shall thereupon hold a hearing and issue a report and recommendation, why a final order of censure, suspension or disbarment should not be made.

In support of its petition, petitioner has put forth evidence demonstrating that, on or about May 20, 1996, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of wire fraud, in violation of 18 USC § 1343, a felony under the United States Code. The conviction was based on certain actions respondent took, while serving as an Administrative Law Judge of the New York City Parking Violations Bureau, dismissing or reducing parking summonses for individuals based upon documents which he knew to be false. Respondent was sentenced on or about September 26, 1996 to two years' probation with four months' home detention, a fine of $5,000 and a special assessment of $50.

It is clear that the crime of which respondent has been convicted constitutes a serious crime within the meaning of Judiciary Law § 90 (4) (d).* Moreover, although the fact that an attorney is serving a probationary term is not a basis, in and of itself, for suspension from the practice of law, only in rare instances will this Court fail to suspend an attorney who is on probation and permit that attorney to continue to practice law during the probationary period (see, Matter of Minkel, 221 AD2d 28, 30). While we recognize that respondent has put forward certain factors arguing in favor of mitigation, including his cooperation with authorities in conducting their

---

* "For purposes of this subdivision, the term serious crime shall mean any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."

investigation, in light of the serious nature of the offense committed by respondent and his violation of the public trust, we do not find this to be one of those rare instances.

Accordingly, the petition is granted insofar as to find that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), to direct respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before petitioner, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made, and to suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), effective immediately, and until further order of this Court.

Milonas, J. P., Ellerin, Rubin, Williams and Mazzarelli, JJ., concur.

Petition granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court. Respondent is further directed to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.