[669 NYS2d 16]

In the Matter of STEPHEN L. HOLTZ, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 1998

### APPEARANCES OF COUNSEL

*Elyse N. Post* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Marvin Ray Raskin* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Stephen L. Holtz was admitted to the practice of law in the State of New York by the First Judicial Department on January 18, 1982. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2) confirming certain findings of fact and conclusions of law and sanctioning respondent by suspending him from the practice of law for a period of two years.

In support, petitioner has demonstrated that on or about May 20, 1996, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of wire fraud, in violation of 18 USC § 1343, a felony under the United States Code, based on allegations that as an Administrative Law Judge (ALJ) of the New York City Parking Violations Bureau, respondent had dismissed or reduced parking summonses for individuals based on documents that he knew to be false. Respondent was subsequently sentenced to two years on probation with four months of home detention, a fine of $5,000 and a special assessment of $50.

By order dated March 18, 1997 (230 AD2d 193), this Court granted a petition for an order determining that the crime of which respondent was convicted was a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before petitioner, which would thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

That hearing was duly held and respondent himself testified and presented a number of character witnesses. The Panel found that respondent's violation of the law was instigated by the persuasion of Captain William Caldwell, of the New York City Housing Police Department, who induced respondent to dismiss or reduce summonses that Captain Caldwell claimed were unfairly issued to members of the Housing Police. Prior to respondent's tenure as an ALJ, his predecessor, Thomas Morath, had been similarly persuaded by Captain Caldwell.

However, while Morath had accepted money and other benefits in exchange for his dismissing or reducing summonses, respondent did not accept any recompense for performing this service. Moreover, in further mitigation, the Panel found that respondent had extensively cooperated in the Federal prosecution of Morath and Caldwell, that he had been involved in community affairs, that he had performed pro bono work for senior citizens and indigent criminal defendants, that a number of people, including two Judges, testified to his good character, that his misconduct was an apparently isolated incident, that he had no prior disciplinary record, that his crime was the result of a serious error in judgment due to an indiscriminate devotion to members of the law enforcement community, that his crimes were not motivated by any venal motive or intent and that he had exhibited sincere remorse. In light of these mitigating factors, but still taking into account the very serious nature of respondent's transgressions, the Hearing Panel recommended that respondent be suspended from the practice of law for a period of two years.

We find that the motion should be granted and the report confirmed in full. We concur in the conclusion that a two-year suspension is warranted, which takes into consideration both the serious nature of respondent's crime and the substantial factors in mitigation (*Matter of Rosen*, 88 AD2d 125).

Accordingly, the motion is granted, the findings of fact and conclusions of law are confirmed, and respondent is suspended from the practice of law for a period of two years retroactive to the prior order of this Court or until he is released from probation, whichever occurs later, and until the further order of this Court.

MILONAS, J. P., ELLERIN, WILLIAMS, MAZZARELLI and COLABELLA, JJ., concur.

Motion granted, and the Hearing Panel's findings of fact and conclusions of law are confirmed, and respondent suspended from the practice of law in the State of New York, for a period of two years retroactive to the prior order of this Court, entered March 18, 1997, or until he is released from probation, whichever occurs later, and until the further order of this Court.