[762 NYS2d 370]

In the Matter of David A. Schechter (Admitted as David Alan Schechter), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 24, 2003

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*David A. Schechter*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent David A. Schechter was admitted to the practice

of law in the State of New York by the First Judicial Department on July 26, 1962, under the name David Alan Schechter. Respondent is also admitted in Kentucky, where he has lived and worked for 40 years and where, at all times relevant to these charges, he maintained an office for the practice of law.

On May 1, 1997, respondent pleaded guilty to the first count on an indictment which charged him with conspiracy to unlawfully intercept wire and oral communications, to possess illegal wiretapping and bugging devices and to carry illegal wiretapping and bugging devices in interstate commerce, in violation of 18 USC § 371, a felony under the United Sates Code. Respondent admitted that between 1993 and 1995 he purchased wiretapping equipment in New York City with the purpose of tapping the phone of the person with whom he shared an office in Louisville, Kentucky. At respondent's request, the individual who sold respondent the equipment traveled to Louisville to install it and, on more than one occasion when the equipment failed to function properly, returned to Louisville to service it.

On September 15, 1997, respondent was sentenced to two years probation and ordered to pay a fine of $2,500 and a $50 assessment. On April 24, 2003, the Supreme Court of Kentucky suspended respondent from the practice of law for a period of two years.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before the Committee or a Referee, who shall hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made.

The crime of which respondent has been convicted, a federal felony, qualifies as a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), which defines a serious crime as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state." Judiciary Law § 90 (4) (f) provides that, upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court shall suspend the attorney until a final order is issued. The imposition of an interim suspension on an attorney

convicted of a serious crime is also consistent with this Court's general policy that convicted felons not be permitted to continue to practice law during the course of the disciplinary proceeding (*see Matter of Charny*, 257 AD2d 18 [1999], *as mod* 272 AD2d 91 [2000]).

Accordingly, the petition should be granted, determining that the crime of which respondent has been convicted is a serious crime, suspending respondent pending further order of this Court and directing respondent to show cause before a Referee appointed by this Court, which shall thereupon hold a hearing and issue a report and recommendation to this Court why a final order of censure, suspension or disbarment should not be made.

NARDELLI, J.P., MAZZARELLI, SAXE, SULLIVAN and GONZALEZ, JJ., concur.

Petition granted to the extent of suspending respondent from the practice of law in the State of New York, effective the date hereof, and until further order of this Court, and matter referred to Referee to hear and report.