[810 NYS2d 181]

In the Matter of ERIC A. KLEIN (Admitted as ERIC ALAN KLEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 7, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Eric A. Klein,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Eric A. Klein was admitted to the practice of law

in the State of New York by the Second Judicial Department on March 7, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On July 8, 2005, respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, of conspiracy to commit wire fraud (18 USC §§ 371, 1343) and two counts of wire fraud (18 USC § 1343), which are felonies under the United States Code. The charges arose out of a scheme devised by respondent and a co-defendant in which they fraudulently obtained hundreds of thousands of dollars in advance fees from individuals and businesses, by promising to assist them in obtaining funding for business projects when in fact they never intended to provide, and never did provide, such assistance. On October 26, 2005, respondent was sentenced to 51 months' imprisonment, three years supervised release and a money judgment of $819,779 was entered against him. Respondent partially satisfied this judgment on the day of sentencing, providing the government with a check in the amount of $625,000.

The Departmental Disciplinary Committee now seeks an order determining that the crimes of which respondent has been convicted constitute a "serious crime" as defined in Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) of this Court's rules; immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]; 22 NYCRR 603.12 [a]).

The Judiciary Law defines a "serious crime" as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state." (Judiciary Law § 90 [4] [d]; 22 NYCRR 603.12 [b]). As noted, wire fraud is a felony under the United States Code, and this Court previously has held that a conviction of wire fraud in violation of 18 USC § 1343 constitutes a "serious crime" within the meaning of the statute (*see Matter of Holtz*, 230 AD2d 193 [1997]; *Matter of Caparros*, 142 AD2d 122 [1988]). Accordingly, this respondent's conviction of wire fraud mandates the conclusion that he has been convicted of a serious crime.

Judiciary Law § 90 (4) (f) provides that upon receipt of a record indicating that a respondent attorney has been convicted of

a serious crime, the respondent may be suspended until a final order is issued (*see Matter of Schechter*, 308 AD2d 26 [2003]). This Court has received such a record regarding respondent, and we further note that an interim suspension is consistent with this Court's general policy that convicted felons should not be permitted to practice law during the course of disciplinary proceedings (*Matter of Percy*, 10 AD3d 66 [2004]; *Matter of Hirschl*, 280 AD2d 172 [2001]).

Accordingly, the Committee's petition should be granted, respondent's federal wire fraud conviction deemed a serious crime, respondent immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directed to show cause, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be entered against him.

SAXE, J.P., FRIEDMAN, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.