09-4593-cr(L)
United States v. Christo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand eleven,

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                         *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

             -v-                                        09-4593-cr(L); 09-4602-cr
                                                        (CON)

JAMES CHRISTO, REMILA CHRISTO,

                                        *Defendants-Appellants*.

_____

Appearing for Appellants:     Steven R. Kartagener, Law Office of Steven R. Kartagener, New York, N.Y., *for James Christo*.

                              Robert L. Krakow, Law Office of Robert J. Krakow, P.C., Garden City, N.Y*., for Remila Christo*.

Appearing for Appellees:     Brent S. Wible, Assistant U.S. Attorney for the Southern District of New York (Preet Bharara, U.S. Attorney for the Southern District of New York, Michael A. Levy, Assistant U.S. Attorney for the Southern District of New York, *on the brief*), New York, N.Y.

     Appeal from the United States District Court for the Southern District of New York (Hittner, *J.*).[1]

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Defendants James Christo and Remila Christo appeal from judgments of conviction entered on October 29, 2009 following a five-day jury trial in the United States District Court for the Southern District of New York (Hittner, *J.*). Both were convicted of one count of conspiring to commit immigration fraud in violation of 18 U.S.C. §§ 371 and 1546(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     On appeal, both defendants primarily challenge the sufficiency of the evidence against them. We review "all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999)(internal quotation omitted). Contrary to their arguments, the evidence adduced at trial supports the verdict. The fact that the crime was not completed is not essential to the conspiracy charge, which focuses on the agreement to commit the illegal act. *United States v. Rosa*, 17 F.3d 1531, 1543 (2d Cir. 1994) ("Conspiracy is a crime that is separate and distinct from the substantive offense that is the object of the conspiracy. Because it is the conspiratorial agreement itself that is prohibited, the illegality does not depend on the actual achievement of the coconspirators' goal.") (citation omitted).

     The defendants next attack their conviction on the grounds that falsifying a Form I-589 does not come within the purview of 18 U.S.C. § 1546(a) because it is not a document required for entry into the United States, relying on *United States v. Phillips*, 543 F.3d 1197, 1205 (10th Cir. 2008) to support their arguments. We need not reach the question of whether a Form I-589 is a document required for entry into this country, however, as we find the evidence sufficient to support a conviction under Section 1546(a)'s false statements prong. *See United States v.*

---

[1] The Honorable Richard M. Berman, United States District Judge for the Southern District of New York, was assigned this case and presided over pre-trial motions and sentencing. The Honorable David Hittner, United States District Judge visiting from the United States District Court for the Southern District of Texas, presided over the trial and appellants' post-trial motions.

*Rukoske*, 506 F.3d 170, 176 (2d Cir. 2007) (a verdict can be affirmed even if the evidence does not support one of the two theories of the offense that were submitted to the jury); *United States v. Pascarella*, 84 F.3d 61, 71 (2d Cir. 1996) (same).  We also reject Remila Christo's theory that in the absence of an actual completed, printed Form I-589, she cannot be convicted under the false statements prong because there was no document to which she could swear to a false statement.  A conspiracy charge requires no more than an overt act in furtherance of the conspiracy, not the completion of the act itself, and the overt act can be something as simple as a phone call in furtherance of the conspiracy.  *United States v. Rommy*, 506 F.3d 108, 120 (2d Cir. 2007).  Given this, the failure of defendants to finalize and file the Form I-589 does not require the conspiracy conviction be overturned.

We have examined the remainder of the defendants' arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3