[924 NYS2d 44]

In the Matter of JAMES D. CHRISTO (Admitted as JAMES DOUGLAS CHRISTO), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 17, 2011

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hinshaw & Culbertson* (*Hal Lieberman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent James D. Christo was admitted to the practice of law in the State of New York by the Third Judicial Department on March 27, 1990 under the name James Douglas Christo. At all relevant times, he has maintained a law office within the First Judicial Department.

On April 3, 2009, respondent was convicted after a jury trial in the United States District Court for the Southern District of New York of conspiracy to commit immigration fraud (18 USC § 371). On October 29, 2009, he was sentenced to five years probation. By order dated March 11, 2011, respondent's conviction was affirmed by the Second Circuit Court of Appeals (*United States v Christo*, 413 Fed Appx 375 [2d Cir 2011]).

By order entered November 5, 2009, this Court determined that respondent's federal conviction of conspiracy to commit immigration fraud did not automatically disbar him; rather it constituted a "serious crime" within the meaning of Judiciary Law § 90 [4] [d] (*Matter of Christo*, 69 AD3d 157 [1st Dept 2009]). Conviction of a federal felony only triggers disbarment by operation of law if the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [2009]), and this conviction did not qualify. This Court immediately suspended respondent and directed the matter of a sanction to be referred to a Hearing Panel for a hearing to be held within 90 days.

By a report and recommendation dated July 16, 2010, the Panel recommended that respondent be suspended for 18 months, nunc pro tunc to November 5, 2009, the date of this Court's interim suspension order.

The Departmental Disciplinary Committee now moves pursuant to 22 NYCRR 605.15 (e) (2) to disaffirm the Hearing Panel's recommendation as to sanction and to impose a suspension of four years nunc pro tunc to November 5, 2009, or for a period coextensive with his period of federal probation (five years),

whichever is longer. Respondent opposes the motion and requests imposition of a six-month suspension retroactive to the date of the interim suspension, which would entail immediate reinstatement.

Respondent's conviction of one count of conspiracy to commit immigration fraud was based on his assisting an FBI undercover officer, posing as an applicant for political asylum from Albania, to manufacture false and fraudulent facts to be submitted as part of his political asylum application. Respondent and his wife, convicted as co-conspirators, coached the undercover in creating false stories of persecution in support of the application.

Respondent, a 1989 graduate of Albany Law School, started his own practice in 2001. By 2009, 90% of his practice consisted of immigration work and many of his clients were ethnic Albanians. Respondent did not speak Albanian, but his nonlawyer wife, Remila Christo, a native of Albania who immigrated to the United States in 2001, assisted in his office by completing immigration forms and translating for non-English-speaking ethnic Albanian clients. Although the undercover specifically denied suffering any persecution, respondent indicated that in order to obtain asylum the "client" must demonstrate political problems and provided examples of persecution which could be included on an application. Respondent emphasized the need to act quickly because the law was about to change. The undercover paid respondent $500. The receipt provided by respondent indicated that the undercover was required to pay an additional $1,500 to have the asylum application filed.

While the Hearing Panel placed significant weight upon the fact that the application was never filed, the Committee urged that the reason for that was the failure of the undercover to return with the $1,500 fee. Respondent claimed that he chose not to file the application upon reviewing his wife's handwritten notes indicating an entry date of August 19, 2003, whereas the computer entry reflected a November 2004 entry date for the undercover.

The Hearing Panel identified five mitigating factors which the Committee accepted. They are: (1) respondent had never been the subject of any prior finding of discipline or misconduct during his 20 years of practice; (2) respondent cooperated fully with the Disciplinary Committee; (3) six character witnesses testified regarding respondent's reputation for honesty and integrity in the community and nine letters attested to his good

character; (4) respondent has given pro bono assistance to immigrants and testified regarding his successful efforts, as a cancer survivor, to assist an ethnic Albanian family, whose son had cancer, to obtain asylum; and (5) the conviction has ruined respondent financially and professionally. The Panel credited respondent's claim concerning his reason for not filing the asylum application, and noted both that only one instance of criminal conduct had been charged and the federal sentencing judge determined that no enhancements were warranted.

The Disciplinary Committee recommended suspension for a period of four years, or for a period coextensive with his probation, whichever is longer, based on this Court's policy to suspend attorneys for a period of time coextensive with the length of their probation where they have been convicted of a "serious crime" (*see Matter of Markovitch*, 218 AD2d 180 [1996]; *Matter of Hirschl*, 10 AD3d 164 [2004]). The Committee also did not believe respondent's reason for not filing the asylum application and noted respondent's apparent lack of remorse.

The fact that respondent did not file the asylum application has no bearing on whether he committed the crime since he was convicted of conspiracy. Indeed, the Second Circuit rejected respondent's challenge to the sufficiency of the evidence based on the fact that he did not file the application because completion of the crime was not essential to the charge (*United States v Christo*, 413 Fed Appx 375 [2d Cir 2011], *supra*).

Under all of the circumstances of this case, including both the serious nature of the crime and the mitigating factors discussed above, it is appropriate for this Court to follow its usual policy of suspending individuals who have been convicted of a serious crime for a period coexistent to the period of probation imposed by the federal district court. Only in rare instances do we not follow this policy (*see Matter of Hirschl*, 10 AD3d 164 [2004]; *Matter of Holtz*, 230 AD2d 193 [1997]). We do not find reasons to depart from that policy here.

Accordingly, we grant the Committee's motion to disaffirm the Hearing Panel's recommendation as to sanction and respondent is suspended from the practice of law for a period of four years, nunc pro tunc to November 5, 2009, or for a period coextensive with his period of federal probation, whichever is longer.

MAZZARELLI, J.P., MOSKOWITZ, ACOSTA, FREEDMAN and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of four years, nunc pro tunc to November 5, 2009, or for a period coextensive with his period of federal probation, whichever is longer, and until further order of this Court.