[35 NYS3d 74]

In the Matter of HARVEY K. NEWKIRK (Admitted as HARVEY KENYATTA NEWKIRK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 5, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Harvey K. Newkirk*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Harvey K. Newkirk was admitted to the practice of law in the State of New York by the First Judicial Department on February 3, 2003, under the name Harvey Kenyatta Newkirk. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

On December 14, 2015, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of wire fraud in violation of 18 USC §§ 2 and 1343, a felony. Respondent was sentenced to six months incarceration, three years of supervised release following his release from prison, and directed to pay $3.1 million in restitution. Respondent's conviction stemmed from his client's effort to purchase Maxim Magazine. Respondent induced two lenders to loan his client approximately $8 million to finance the purchase of Maxim by making misrepresentations, including that his client's father, a successful businessman with significant assets, whom respondent falsely claimed to represent, would pledge certain personal assets as collateral for the loans. In fact, the father never agreed to provide financial backing for the acquisition, nor did he authorize respondent to represent him.

The Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and, pursuant to Judiciary Law § 90 (4) (g), directing respondent to show cause before a hearing panel or a referee, within 90 days of his sentencing or release from incarceration, if applicable, why a final order of censure, suspension or disbarment should not be made. Respondent opposes the motion, which he submits should be denied pending final adjudication of the criminal case against him. He asserts that he has moved

for a judgment of acquittal, pursuant to Federal Rules of Criminal Procedure rule 29 (c), or, in the alternative, for an order granting him a new trial pursuant to Federal Rules of Criminal Procedure rule 33, and that, if his motion is unsuccessful, he intends to appeal to the U.S. Court of Appeals for the Second Circuit.

The crime which respondent was convicted of is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Further, this Court has repeatedly held that the crime of which respondent has been convicted, wire fraud in violation of 18 USC § 1343, is a "serious crime" within the meaning of the statute (*see e.g. Matter of Fasciana*, 36 AD3d 9 [1st Dept 2006]; *Matter of Klein*, 28 AD3d 102 [1st Dept 2006]; *Matter of Holtz*, 230 AD2d 193 [1st Dept 1997]; *Matter of Ballinger*, 148 AD2d 152 [1st Dept 1989]; *Matter of Caparros*, 142 AD2d 122 [1st Dept 1988]). Accordingly, respondent's conviction mandates the conclusion that he has been convicted of a "serious crime."

Finally, Judiciary Law § 90 (4) (f) provides, in relevant part, that "[a]ny attorney and counsellor-at-law convicted of a serious crime . . . shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision." This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate, pursuant to Judiciary Law § 90 (4) (f), to suspend an attorney who has been convicted of a felony and is serving a term of probation or imprisonment (*see e.g. Matter of Lam*, 104 AD3d 80 [1st Dept 2013]; *Matter of Schneider*, 97 AD3d 152 [1st Dept 2012]; *Matter of Shapiro*, 81 AD3d 25 [1st Dept 2011]). Here, respondent was convicted of a felony, and has been sentenced to a term of imprisonment. Neither respondent's pending motion to vacate his conviction nor a possible appeal is a ground to deny the petition, including the imposition of an interim suspension (*see e.g. Matter of Christo*, 69 AD3d 157 [1st Dept 2009], *lv dismissed* 14 NY3d 853 [2010] [interim suspension imposed based on "serious crime" conviction where attorney had been sentenced but had pending motion requesting order vacating jury verdict and granting new trial]).

Accordingly, the Committee's petition should be granted, the offense of which respondent has been convicted is deemed a "serious crime" within the meaning of Judiciary Law § 90 (4)

(d) and 22 NYCRR 603.12 (b), and respondent is immediately suspended from the practice of law under Judiciary Law § 90 (4) (f), until such time as disciplinary proceedings before the Committee have been concluded and until further order of this Court. Respondent is directed to show cause before a hearing panel designated by the Committee under Judiciary Law § 90 (4) (g), which shall hold a hearing within 90 days of respondent's release from incarceration, and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.

MAZZARELLI, J.P., MANZANET-DANIELS, GISCHE, KAPNICK and WEBBER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.