[56 NYS3d 101]

In the Matter of WILLIAM E. BARONI (Admitted as WILLIAM EDWARD BARONI, JR.), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Frankfurt Kurnit Klein & Selz PC* (*Richard M. Maltz* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent William E. Baroni was admitted to the practice of law in the State of New York by the First Judicial Department on July 12, 2011, under the name William Edward Baroni, Jr. Respondent's registered address is in New Jersey but this Court has jurisdiction over him because he was admitted in the First Department.

On November 4, 2016, respondent was convicted, after a jury trial, in the United States District Court for the District of New Jersey, of conspiring to obtain by fraud, knowingly convert, and intentionally misapply property of an organization receiving federal benefits in violation of 18 USC §§ 666 (a) (1) (A) and 371, obtaining by fraud, knowingly converting and intentionally misapplying property in violation of 18 USC §§ 666 (a) (1) (A) and 2, conspiracy to commit wire fraud in violation of 18 USC § 1349, wire fraud (two counts) in violation of 18 USC §§ 1343 and 2, conspiracy against civil rights in violation of 18 USC § 241, and deprivation of civil rights in violation of 18 USC § 242, felonies under the United States Code.

On March 29, 2017, respondent was sentenced to 24 months' imprisonment, followed by one year of supervised release, a fine of $7,500, 500 hours of community service, and restitution in the amount of $14,314.04.

Respondent's conviction stemmed from his misuse of his position as Deputy Executive Director of the Port Authority of New York and New Jersey by conspiring with others, including the Port Authority's Executive Director, to punish the Mayor of Fort Lee, New Jersey, for not endorsing New Jersey Governor Chris Christie's re-election bid, by improperly closing lanes on the George Washington Bridge in September 2013, thereby causing the streets of Fort Lee to become clogged with traffic. Respondent and his coconspirators fabricated and advanced a false story that the lane reductions were for a traffic study so that they could use Port Authority resources and personnel to

carry out their scheme, and deliberately ignored inquiries from the Mayor of Fort Lee regarding the closures.

By notice of motion dated January 13, 2017, the Attorney Grievance Committee (AGC) seeks an order determining that the crime of which respondent had been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (b) (2) and (c) (2); and directing respondent to show cause before a referee pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 1240.12 (c) (2).

In response, respondent, through counsel, joins in the AGC's petition for an order deeming his conviction a "serious crime" and directing that a sanction hearing be held. Respondent does not explicitly oppose the imposition of an interim suspension but states that he intends to appeal his conviction and, if vacated, he reserves the right to move under Judiciary Law § 90 (5) to vacate any "serious crime" finding and interim suspension imposed.

The crime for which respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d). Judiciary Law § 90 (4) (d) defines "serious crime," in pertinent part, as "any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state." We have previously deemed crimes similar to the ones respondent has been convicted as "serious crimes" (*see e.g. Matter of Newkirk*, 141 AD3d 178 [1st Dept 2016] [attorney convicted of serious crime of wire fraud]; *Matter of Davis*, 70 AD3d 53 [1st Dept 2009] [attorney convicted of serious crimes of conspiracy to commit bank and wire fraud]; *Matter of Fasciana*, 36 AD3d 9 [1st Dept 2006] [attorney convicted of serious crimes including conspiracy to commit wire fraud and wire fraud]); *Matter of Klein*, 28 AD3d 102 [1st Dept 2006] [attorney convicted of serious crimes of conspiracy to commit wire fraud and wire fraud]).

Moreover, we have consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and is serving a term of probation or imprisonment (*see e.g. Matter of Lam*, 104 AD3d 80 [1st Dept 2013]; *Matter of Schneider*, 97 AD3d 152 [1st Dept 2012]).

Here, respondent has been sentenced to a two-year term of incarceration. Furthermore, as noted, respondent does not oppose the imposition of an interim suspension, and thus, there is no reason not to grant the application to impose an interim suspension. Respondent's possible appeal is not a ground to deny the motion, including the imposition of an interim suspension (*see e.g. Matter of Christo*, 69 AD3d 157 [1st Dept 2009], *lv dismissed* 14 NY3d 853 [2010]).

Accordingly, the Committee's motion to deem the offenses of which respondent has been convicted "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and immediately suspend respondent from the practice of law, pursuant to Judiciary law § 90 (4) (f) and 22 NYCRR 1240.12 (c) (2) (ii), should be granted, and respondent is directed to show cause, before a referee appointed by the Court, pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 1240.12 (c) (2) (i) and (iv), who shall thereupon hold a hearing within 90 days of respondent's release from prison, why a final order of censure, suspension, or disbarment should not be made.

ACOSTA, P.J., RENWICK, MANZANET-DANIELS, KAPNICK and WEBBER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Referee have been concluded, and until further order of this Court.