Matter of Caplan (2019 NY Slip Op 08015)





Matter of Caplan


2019 NY Slip Op 08015


Decided on November 7, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Angela M. Mazzarelli,Justice Presiding,
Barbara R. Kapnick
Troy K. Webber
Ellen Gesmer
Cynthia S. Kern, Justices.


M-3576

[*1]In the Matter of Gordon R. Caplan, (admitted as Gordon Rubin Caplan), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Gordon R. Caplan, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Gordon R. Caplan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 3, 1992.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



PER CURIAM.


Respondent Gordon R. Caplan was admitted to the practice of law in the State of New York by the First Judicial Department on February 3, 1992, under the name Gordon Rubin [*2]Caplan. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
On May 21, 2019, respondent was convicted, upon his plea of guilty, in the United States District Court for the District of Massachusetts, of conspiracy to commit mail fraud and honest services mail fraud in violation of 18 USC § 1349 (see 18 USC §§ 1341 and 1346), a felony. On October 3, 2019, respondent was sentenced to one month in prison, one year of supervised release, 250 hours of community service and ordered to pay a fine of $50,000.
Respondent's conviction stemmed from his involvement in the widely publicized college admissions bribery and cheating scandal centered on college admissions consultant William "Rick" Singer who helped parents bribe coaches and test administrators so their children had a better chance of getting into prominent schools.
Specifically, in or about 2018, respondent agreed to pay Singer $75,000 (via wire transfer and the mail) to participate in the college entrance exam cheating scheme. To accomplish this, he flew to Los Angeles, with his daughter, to meet with a psychologist recommended by Singer to obtain medical documentation required to receive extended time on the ACT exam for which she received approval; and he changed his daughter's testing location to a test center in West Hollywood, California so that Singer's associates could proctor her exam, correct her answers to obtain the desired score, and mail the corrected exam to the ACT grading center in Iowa. This resulted in his daughter receiving a score of 32 out of a possible 36 on her corrected exam.
The Attorney Grievance Committee (Committee) now seeks an order determining that respondent's conviction for conspiracy to commit mail fraud and honest services mail fraud is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(2)(ii); and directing respondent to show cause before a referee appointed by this Court, within 90 days of his sentencing, or release from prison, if applicable, why a final order of censure, suspension or disbarment should not be made pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv).
Respondent joins in the Committee's request for an order deeming his conviction a "serious crime." He does not oppose the imposition of an interim suspension, and, pursuant to Judiciary Law § 90(4)(h) and 22 NYCRR 1240.12(c)(2)(iii), he requests a hearing for the purpose of presenting mitigating evidence relevant to sanction.
Judiciary Law § 90(4)(d) defines a "serious crime" in pertinent part as follows:
"any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state..."
Concerning its request for an interim suspension, the Committee points out that Judiciary Law § 90(4)(f) provides that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court will suspend the attorney until a final order is issued, and under 22 NYCRR 1240.12(c)(2)(ii), once a "serious crime" determination has been made —
"the Court may suspend the respondent pending final disposition unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice..."
Moreover, this Court has held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney who has been convicted of a felony (see Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Baroni, 152 AD3d 35 [1st Dept 2017]; Matter of O'Brien, 98 AD3d 60 [1st Dept 2012]; Matter of Fasciana, 36 AD3d 9 [1st Dept 2006]).
The crime of which respondent has been convicted is deemed a "serious crime." Accordingly, the Committee's motion should be granted, and respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), and directed to show cause before a referee appointed by this Court, pursuant [*3]to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i), (iii), and (iv), who shall thereupon hold a hearing within 90 days of respondent's release from prison, why a final order of censure, suspension or disbarment should not be made.
All concur.
Order filed. [November 7, 2019]
The Committee's motion to deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) is granted and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending have been concluded, and until further order of this Court. Respondent is directed to show cause as to why a final order of censure, suspension or disbarment should not be made before a Referee appointed by this Court, who shall hold a hearing within 90 days from the date of respondent's release from prison.