Matter of Savedoff (2019 NY Slip Op 08543)





Matter of Savedoff


2019 NY Slip Op 08543


Decided on November 26, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Dianne T. Renwick, Justice Presiding,
Judith J. Gische
Barbara R. Kapnick
Ellen Gesmer
Peter H. Moulton, Justices.


M-6829

[*1]In the Matter of Laurence Savedoff, (admitted as Laurence Michael Savedoff), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Laurence Savedoff, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Laurence Savedoff, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 13, 1999.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



PER CURIAM


Respondent Laurence Savedoff was admitted to the practice of law in the State of New York by the Second Judicial Department on January 13, 1999 under the name Laurence Michael Savedoff. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.
On July 12, 2018, respondent pled guilty, in the United States District Court for the Western District of New York, to misprision of a felony in violation of 18 USC § 4, a felony under the United States Code. This conviction stems from respondent's representation, as settlement attorney, of The Funding Source (TFS), a mortgage bank, between 2008 and 2009. In that capacity respondent represented TFS in eight real estate transactions for properties in Bronx, New York, involving loans insured by the Federal Housing Administration (FHA). During the transactions, respondent learned that his codefendants were engaged in a scheme to fraudulently obtain mortgages that were insured by the FHA on behalf of unqualified borrowers. Respondent signed legal documents knowing that the information they contained was false. Although he did not know the full extent of the scheme, respondent became aware he was being used to defraud financial
institutions and he failed to notify authorities of his codefendants' fraudulent actions. Respondent also took affirmative steps to conceal the fraud by signing, or by having his paralegal sign, documents sent to the banks. As a result of the above, financial institutions purchased the fraudulently originated loans from TFS, resulting in a total loss of $4,800,007.
On April 18, 2019, respondent was sentenced to a term of imprisonment of four months, supervised release of one year, and a special assessment of $100. On July 8, 2019, respondent surrendered to commence his term of incarceration.
The Attorney Grievance Committee (Committee) now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and Judiciary Law § 90(4)(f); and directing respondent to show cause before a referee appointed by the Court, why a final order of censure, suspension or disbarment should not be made, within 90 days following his release from incarceration.
Respondent's counsel advises that respondent does not dispute that his conviction warrants the commencement of a "serious crime" proceeding. Nor does respondent dispute that his conviction warrants his interim suspension and a sanction hearing following his release from prison, where he will present relevant mitigating evidence.
Judiciary Law § 90(4)(d) defines "serious crime" in pertinent part as follows:
"any criminal offense demoninated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud... deceit..."
New York courts have held that the federal crime of misprision of a felony, in violation of 18 USC § 4, constitutes a "serious crime" pursuant to Judiciary Law § 90(4)(d) (see e.g. Matter of Marino, 73 AD3d 5 [2d Dept 2010]; Matter of Price, 57 AD3d 134 [4th Dept 2008]; Matter of Calonge, 52 AD3d 111 [3d Dept 2008]).
This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate, pursuant to Judiciary Law § 90(4)(f), to suspend an attorney who has been convicted of a felony and is serving a term of probation or imprisonment (see e.g. Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Baroni, 152 AD3d 35 [1st Dept 2017]). Here, respondent is currently serving a four-month term of incarceration, followed by a one-year period of supervision. Furthermore, as noted, respondent does not oppose the imposition of an interim suspension, and thus there is no reason not to grant the application to impose an interim suspension.
Accordingly, the Committee's motion to deem the offense of which respondent has been convicted a "serious crime" within the meaning of Judiciary Law § 90(4)(d) should be granted, respondent immediately suspended from the practice of law, and respondent directed to show cause before a referee appointed by the Court, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i), (iii) and (iv), who shall thereupon hold a hearing within 90 days of respondent's release from prison, why a final order of censure, suspension, or disbarment should not be made.
All concur.
Order filed. November 26, 2019
The Committee's motion to deem the offense of which respondent has been found guilty to be a "serious crime" is granted, and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending have been concluded, and until further order of this Court. Respondent is directed to show cause as to why a final order of censure, suspension or disbarment should not be made before a Referee appointed by this Court, who shall hold a hearing within 90 days from the date of respondent's release from prison.