Matter of Kamensky (2021 NY Slip Op 05012)





Matter of Kamensky


2021 NY Slip Op 05012


Decided on September 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 16, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Anil C. Singh,J.P.,
Lizbeth González
Tanya R. Kennedy
Saliann Scarpulla
Martin Shulman, JJ.


Motion No. 2021-02517 Case No. 2021-02725 

[*1]In the Matter of Daniel B. Kamensky, an attorney and counselor-at law, Attorney Grievance Committee for the First Judicial Department, Petitioner, Daniel B. Kamensky (OCA Atty. Reg. No. 3046752), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 10, 2000.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.



Per Curiam. 


Respondent Daniel B. Kamensky was admitted to the practice of law in the State of New York by the First Judicial Department on April 10, 2000. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Department.
On February 3, 2021, in the United States District Court for the Southern District of New York, respondent was convicted, upon his plea of guilty, of committing an act of bribery or extortion in connection with the bankruptcy laws in violation of 18 USC § 152(6).[FN1]
Respondent's conviction arose from his efforts to pressure a global investment bank (Investment Bank) to refrain from bidding to purchase Series B shares of a company, MyTheresa, from unsecured creditors of Neiman Marcus Group Ltd, LLC (Neiman Marcus) in connection with its Chapter 11 bankruptcy proceeding so that Marble Ridge Capital LP (Marble Ridge), a firm managed by respondent, could obtain the MyTheresa Series B shares at a lower price. As part of his efforts, respondent threatened to use his position on the Official Committee of Unsecured Creditors in Neiman Marcus's bankruptcy proceeding to ensure that the Investment Bank's bid would be rejected. He also threatened to withhold Marble Ridge's future business from the Investment Bank.[FN2]
On May 7, 2021, respondent was sentenced to six months' imprisonment and six months' supervised release with a condition of home detention; he was also fined $55,000 with an assessment of $100.
Now, the Attorney Grievance Committee moves for an order: determining that the crime of which respondent has been convicted is a serious crime under Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and Judiciary Law § 90(4)(f); and directing respondent to show cause before a referee appointed by this Court why a final order of censure, suspension, or disbarment should not be made under 22 NYCRR § 1240.12(c)(2) and Judiciary Law § 90(4)(g).
Respondent, through counsel, does not oppose the Committee's request that we find his conviction to be a "serious crime" under the Judiciary Law, nor does he oppose the Committee's request that he be immediately suspended from the practice of law. He requests a sanction hearing and the opportunity to present evidence in mitigation.
We turn first to the issue of whether respondent's conviction is a "serious crime." Under Judiciary Law § 90(4)(d), "[t]he term serious crime shall mean any criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state . . . ."
We agree with the parties that respondent's conviction is properly deemed a "serious crime" under the Judiciary Law. An act of bribery or extortion undertaken in connection with the bankruptcy laws in violation of 18 USC § 152(6) is classified as a felony under the United States Code (see 18 USC § 3559[a][4]; 18 USC § 152[6]). Moreover, since this federal offense involves acts undertaken to influence "any case under title 11 [of the United States Code]" (18 USC § 152[6]), the laws of New York State understandably lack a comparable felony offense.
Turning next to the issue of respondent's interim suspension, Judiciary Law § 90(4)(f) provides that:
"Any attorney and counsellor-at-law convicted of a serious crime . . . shall be suspended upon the receipt by the appellate division of the supreme court of the record of such conviction until a final order is made pursuant to paragraph g of this subdivision.
Upon good cause shown the appellate division of the supreme court may, upon application of the attorney or on its own motion, set aside such suspension when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."
We have consistently held that, during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90(4)(f), who has been convicted of a felony and is serving a sentence of probation or imprisonment (see Matter of Savedoff, 179 AD3d 19 [1st Dept 2019]; Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Baroni, 152 AD3d 35 [1st Dept 2017]; Matter of Lam, 104 AD3d 80, 82 [1st Dept 2013]). In view of our prior decisions, as well as respondent's acceding to the Committee's request, we grant the Committee's application for respondent's immediate suspension.
Consistent with 22 NYCRR 1240.12(c)(2), respondent will have the opportunity to be heard before a referee regarding the sanction to be imposed.
Accordingly, the Committee's motion to deem the offense of which respondent has been convicted a "serious crime" is granted, respondent shall be immediately suspended from the practice of law, and a referee appointed by this Court shall hold a hearing within 90 days of respondent's release from prison and report as to the appropriate sanction.
All concur.
It is Ordered that the Attorney Grievance Committee's motion to deem the offense of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) is granted, and respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and 22 NYCRR 1240.12 (b) (2), effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court, and,
It is further Ordered that during the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; and that respondent is forbidden to give another an opinion as to the law or this application or any advice in relation thereto. Respondent is directed to fully comply with the provisions of 22 NYCRR 1240.15 of the Rules of this Court, which are made a part hereof, and,
It is further Ordered that, pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 1240.12 (c) (2), respondent is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90 (4) (d), and
It is further ordered that Charles G. Berry, Esq., Carter Ledyard & Milburn LLP
2 Wall Street, New York, NY 10005, Telephone # 212-238-8621, berry&commat;clm.com, is appointed as Referee to hold the hearing, to be held within 90 days of respondent's release from prison, and issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered. September 16, 2021



Footnotes

Footnote 1: 18 USC § 152(6) is violated when a person "knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property, remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act in any case under title 11." As stated by the District Court Judge during respondent's plea, the offense "can be described in general terms as an act of bribery or extortion in connection with the bankruptcy laws."

Footnote 2: Respondent admitted to engaging in this conduct during his sworn plea allocution.