In the Matter of STEVEN ALLAN HERMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 4, 1990

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Steven Allan Herman,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in New York by the Second Judicial Department on April 21, 1971 and at all relevant times had an office within the First Judicial Department.

By notice of petition and petition dated June 18, 1990, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) on the ground that respondent's conviction in New Jersey of sexual assault in the second degree, if committed within New York, would constitute a violation of New York Penal Law § 130.65 (3), sexual abuse in the first degree, a class D felony.

On March 1, 1985, respondent pleaded guilty in the Superior Court of the State of New Jersey, Mercer County, to one count of sexual assault in the second degree in violation of New Jersey Statutes Annotated § 2C:14-2 (b). In his plea allocution respondent admitted assaulting a 10-year-old boy. In exchange for his plea of guilty, the Mercer County District Attorney's office agreed not to prosecute respondent for other incidents involving other young boys. On June 4, 1985, respondent was sentenced to three years' probation on condition that he continue to receive psychiatric counseling, file a report with Probation every 90 days and pay a fine and penalty.

New Jersey Statutes Annotated § 2C:14-2 (b) reads, in pertinent part, as follows:

"Sexual assault * * *

"b. An actor is guilty of sexual assault if he commits an act of sexual contact with a victim who is less than 13 years old and the actor is at least four years older than the victim."

New York Penal Law § 130.65 (3), sexual abuse in the first degree, provides as follows:

"A person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact:

"3. When the other person is less than eleven years old."

New York Judiciary Law § 90 (4) (a) provides: "Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

New Jersey Statutes Annotated § 2C:14-2 (b) is essentially similar to New York Penal Law § 130.65 (3) for the purpose of automatic disbarment pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike respondent's name from the roll of attorneys is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law nunc pro tunc as of March 1, 1985.

MILONAS, J. P., ROSENBERGER, ELLERIN, SMITH and RUBIN, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc as of March 1, 1985.