[600 NYS2d 634]

In the Matter of MICHAEL MARKOVITCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 8, 1993

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice at the Second Judicial

Department in 1982. At relevant times since then he has maintained an office for such practice within the First Judicial Department.

In January 1993, in United States District Court for the Southern District of New York, respondent pleaded guilty to one count of conspiracy to commit immigration fraud, a felony violation of 18 USC § 371, in satisfaction of a multicount indictment which had additionally charged him with filing false statements with a government agency, and obstruction of proceedings before a government agency. On January 13 he was sentenced to five years' probation, which included placement for six months in a community correction center and a fine of $50,000.

While the crime for which respondent was convicted has no New York felony analog, it is considered a "serious crime" (Judiciary Law § 90 [4] [d]), warranting interim suspension from the practice of law (§ 90 [4] [f]) at least until expiration of his period of probation *(Matter of Lowell,* 88 AD2d 128). Having failed to answer the petition for interim suspension, respondent should be directed to show cause why a final order of suspension, censure or removal should not be entered against him.

Accordingly, respondent is temporarily suspended from the practice of law, and is directed to show cause within 30 days of this order why a final order of suspension, censure or removal should not be entered against him.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ROSS and KASSAL, JJ., concur.

Petition granted insofar as to direct respondent to show cause before the Departmental Disciplinary Committee why a final order of censure, suspension, or disbarment should not be entered and, pending the entry of such order, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (f), effective immediately, and until the further order of this Court.