[650 NYS2d 681]

In the Matter of QUENTIN C. CROMMELIN, JR. (Admitted as QUENTIN CLAIBORNE CROMMELIN, JR.), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 5, 1996

**APPEARANCES OF COUNSEL**

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent, Quentin C. Crommelin, Jr., was admitted to

the practice of law in New York by the First Judicial Department on October 10, 1972, as Quentin Claiborne Crommelin, Jr. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in an indictment filed in the circuit court of Arlington County, Virginia, with sexually abusing an adult woman through force, threat or intimidation and causing her serious mental injury, in violation of section 18.2-67.3 of the Virginia Code. On July 19, 1989, respondent pleaded guilty to aggravated sexual battery, a felony in Virginia. A judgment of conviction was entered on August 23, 1989, and the respondent was sentenced to 10 years in prison, with imprisonment suspended for five years conditioned on respondent's good behavior, his payment of a fine, and the special condition that respondent enter into therapy for psychosexual disorders. The respondent was disbarred in Alabama based upon this conviction.

The Departmental Disciplinary Committee seeks an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys on the ground that respondent's conviction in Virginia of the felony of aggravated sexual battery, if committed in New York, would constitute a violation of Penal Law § 130.65, sexual abuse in the first degree, a class D felony, and thus is a proper predicate for automatic disbarment. Alternatively, the Committee seeks an order pursuant to Judiciary Law § 90 (2) based upon the doctrine of reciprocal discipline, as set forth in 22 NYCRR 603.3, disbarring respondent consistent with his disbarment in the State of Alabama, effective January 26, 1990.

Because the respondent in his plea agreement admitted to conduct which would provide a basis for his conviction of the New York class D felony of first degree sexual abuse (see, Penal Law § 130.65), the Committee's petition seeking to strike the respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), which is not opposed by the respondent, should be granted (see, Matter of Herman, 164 AD2d 270).

Accordingly, the motion to strike respondent's name from the roll of attorneys is granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ROSENBERGER, J. P., WALLACH, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective December 5, 1996.