[889 NYS2d 542]

In the Matter of JAMES D. CHRISTO (Admitted as JAMES DOUGLAS CHRISTO), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 5, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Hinshaw & Culbertson* (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent James D. Christo was admitted to the practice of law in the State of New York by the Third Judicial Department in 1990. At all relevant times, he has maintained a law office within the First Judicial Department.

In April 2009, respondent was convicted after a jury trial in the United States District Court for the Southern District of New York of conspiracy to commit immigration fraud (18 USC § 371). Respondent has been sentenced, and has moved for an order setting aside the jury verdict and granting him a new trial.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground that he was convicted of a felony as defined in Judiciary Law § 90 (4) (e) and was thereby disbarred by operation of law. In the alternative, the Committee seeks an order determining that respondent was convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), immediately suspending him from practice pursuant to Judiciary Law § 90 (4) (f), and directing him to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or disbarment should not issue.

Respondent cannot be stricken immediately from the roll pursuant to Judiciary Law § 90 (4) (b) because respondent's conviction of the federal felony of conspiracy to commit immigration fraud did not automatically disbar him. Conviction of a federal felony only triggers disbarment by operation of law if the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal,* 64 AD3d 16, 18 [2009]). The federal felony need not be a "mirror image" of a New York felony, but it must be essentially similar (*Matter of Margiotta,* 60 NY2d 147, 150 [1983]).

The Committee contends that respondent was automatically disbarred because respondent's offense, if committed in New

York, would constitute the felony of offering a false instrument for filing in the first degree in violation of New York Penal Law § 175.35. However, as this Court has previously held, the crime of conspiracy to commit immigration fraud has no analogue in the New York Penal Law (*Matter of Markovitch*, 191 AD2d 116, 117 [1993]). The Committee cites to inapposite precedent where the respondents were convicted of the separate offense of immigration fraud in violation of 18 USC § 1546, whose elements were found to be analogous to those of offering a false instrument for filing in the first degree (*see Matter of Ramirez*, 7 AD3d 52, 53 [2004]; *Matter of Salberg*, 276 AD2d 19, 20 [2000]; *Matter of Monte*, 94 AD2d 275, 276-277 [1983]).

The Committee also contends that the factual allegations in the respondent's indictment establish that the offense was essentially similar to the New York crime in question. Although the essential similarity of a federal and New York felony can be established from a respondent's sworn admissions during the plea allocution, in conjunction with the federal indictment or information (*see Matter of Sorin*, 47 AD3d 1, 3 [2007] [citing cases]), in this case respondent was convicted after a trial by jury and there was no allocution. The Committee mistakenly cites *Matter of Amsterdam* (26 AD3d 94 [2005]) for the proposition that the indictment alone can establish essential similarity, but the respondent in *Amsterdam* both pleaded guilty and made admissions during the allocution which persuaded this Court that the federal offense in question had an analogue in New York law (*id.* at 96-97; *see also Matter of Kim*, 209 AD2d 127, 130 [1995] [distinguishing between allegations in indictment and admissions in the allocution during a guilty plea]).

Although the federal offense has no analogue in New York law, it constitutes a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) (*see Matter of Markovitch*, 191 AD2d at 117). Respondent concedes that he was convicted of a serious crime, but asks this Court not to suspend him on an interim basis pursuant to Judiciary Law § 90 (4) (f) on the grounds that he has moved to have the jury verdict set aside and avers the "reasonable possibility" that his conviction will be overturned. However, this Court has consistently held that a respondent convicted of a felony should not be permitted to practice during the pendency of the proceeding (*see e.g. Matter of Fasciana*, 36 AD3d 9, 10-11 [2006]). Moreover, respondent's motion does not present a compelling reason for delaying disciplinary action in this matter (*see* 22 NYCRR 603.12 [e]; *Matter of Mitchell*, 40 NY2d 153 [1976]).

Accordingly, the Committee's petition should be granted only to the extent of determining the offense of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), directing respondent to show cause forthwith before a Hearing Panel of the Committee, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made, and the Hearing Panel shall hold a hearing no later than 90 days after the date hereof.

MAZZARELLI, J.P., MOSKOWITZ, ACOSTA, FREEDMAN and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.