[923 NYS2d 679]

In the Matter of ANTHONY J. MANGONE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 24, 2011

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Richard E. Grayson*, White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

In or about January 2010, the respondent, along with two other defendants, Sandy Annabi and Zehy Jereis, was indicted by the United States Attorney for the Southern District of New York on charges of bribery, conspiracy, and extortion in connection with one or more real estate development projects within the City of Yonkers that were pending before City Councilwoman Annabi. In or about November 2010, the respondent was also charged with tax evasion in a one-count information.

On November 29, 2010, the respondent pleaded guilty in the United States District Court for the Southern District of New York (Yathis, C.M.J.), to counts one, two, five, and six of the indictment, which charged him with participating in a conspiracy to bribe Annabi, aiding Annabi's receipt of corrupt payments, extortion under color of official right, and travel act bribery, in violation of 18 USC §§ 371, 666 (a) (1) (B) and (2), § 1951 (a) and (b) and § 1952 (a) (3), as well as one count of tax evasion, in violation of 26 USC § 7201. In his allocution, the respondent admitted that he agreed to give Annabi cash to influence her official action. More specifically, the respondent admitted that, with corrupt intent, he gave Zehy Jereis, the former head of the Yonkers Republican Party, tens of thousands of dollars to give to Annabi so that she would switch her vote in favor of the real estate development project of one of the respondent's clients. The respondent has not yet been sentenced.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the

New York felony, precisely corresponding in every
detail, but it must have essential similarity."

The federal felony of unlawfully affecting commerce by extortion under color of official right in violation of 18 USC § 1951 (a) and (b) is essentially similar to the New York felony of larceny by extortion in violation of Penal Law § 155.05 (2) (e) and § 155.30 (6) (*see Matter of Margiotta*, 60 NY2d 147 [1983]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The respondent has taken no position with respect to the petitioner's motion. Rather, he has proffered an affidavit of resignation, effectively consenting to his name being struck from the roll of attorneys and counselors-at-law.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of November 29, 2010.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that the respondent's proffered resignation is rejected; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Anthony J. Mangone, is disbarred, effective November 29, 2010, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Anthony J. Mangone, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Anthony J. Mangone, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anthony J. Mangone, has been issued a secure pass by the Office of Court Administration,

it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).