[999 NYS2d 5]

In the Matter of KEN GILES (Admitted as KENNETH MITCHELL GILES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 4, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

Respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ken Giles was admitted to the practice of law in the State of New York by the Third Judicial Department on January 24, 1995, under the name Kenneth Mitchell Giles. At all times relevant to the proceeding, respondent maintained an office for the practice of law within the First Department.

On January 21, 2014, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of conspiracy to commit immigration fraud in violation of 18 USC §§ 371 and 1546 (a). On May 30, 2014, respondent was sentenced to 24 months' imprisonment, placed on supervised release for three years upon his release from prison, and required to pay a $100 assessment.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys based on his federal conviction for conspiracy to commit immigration fraud, which the Committee contends is analogous to the New York felony conviction of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35.

Respondent's conviction for conspiracy to commit immigration fraud was based on his participation, from 2007 through December 2012, in an immigration fraud scheme where he submitted asylum applications on behalf of clients to the United States Citizenship and Immigration Services which contained false statements.

We examined respondent's plea allocution to ascertain whether "essential similarity" is established between respondent's offense and a New York felony which would serve as a predicate for automatic disbarment (see Matter of Lin, 110 AD3d 186, 187 [1st Dept 2013]). During his plea allocution, respondent admitted the following: "Between 2007 and September of 2013, I agreed with others to submit asylum application that contained false statements of material fact. I regret having done so and I accept full responsibility for my actions."

Respondent's admitted conduct of knowingly and intentionally submitting asylum applications which contained false information to a federal agency corresponds to the New York felony of offering a false instrument for filing in the first degree (Penal

Law § 175.35), and is therefore a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) and (e) (*see Matter of Lin*, 110 AD3d at 187; *Matter of David*, 102 AD3d 23 [1st Dept 2012]; *Matter of Diaz*, 98 AD3d 158 [1st Dept 2012]).

Accordingly, the Committee's petition for an order should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to January 21, 2014.

GONZALEZ, P.J., SAXE, DEGRASSE, RICHTER and CLARK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 21, 2014.