[34 NYS3d 628]

In the Matter of DEAN G. SKELOS (Admitted as DEAN GEORGE SKELOS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 27, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge, for petitioner.

### OPINION OF THE COURT

Per Curiam.

On December 11, 2015, after a jury trial, the respondent was found guilty in the United States District Court, Southern District of New York, of eight felony counts: conspiracy to commit extortion under color of official right, in violation of 18 USC § 1951 (count one); conspiracy to commit honest services wire fraud, in violation of 18 USC § 1349 (count two); extortion under color of official right, in violation of 18 USC § 1951 (counts three, four, and five); and solicitation of bribes and gratuities, in violation of 18 USC § 666 (a) (1) (B) (counts six, seven, and eight). The respondent was sentenced on May 12, 2016, to 60 months' imprisonment, followed by one year of probation. In addition, he was ordered, inter alia, to pay a fine in the amount of $500,000.

There is no record of the respondent advising this Court of his conviction as required by Judiciary Law § 90 (4) (c).

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his conviction of a felony. The respondent has taken no position with respect to the motion of the Grievance Committee.

Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90 (4) (e) provides that

> "[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In determining whether a foreign felony is essentially similar to a

New York felony, this Court has considered a number of factors, including the trial record (see Matter of Ashley, 263 AD2d 70 [1999]).

The Grievance Committee asserts that the respondent's conviction of extortion under color of official right under 18 USC § 1951 (counts three, four, and five) has been held to be essentially similar to the New York felony of larceny by extortion in violation of Penal Law § 155.05 (2) (see Matter of Margiotta, 60 NY2d 147 [1983]; Matter of Mangone, 86 AD3d 79 [2011]).

We conclude that the respondent's convictions of extortion under color of official right constitute felonies within the meaning of Judiciary Law § 90 (4) (e) (see Matter of Margiotta, 60 NY2d 147 [1983]). As such, upon his conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of December 11, 2015.

ENG, P.J., MASTRO, LEVENTHAL, DICKERSON and HALL, JJ., concur.

Ordered that the Grievance Committee's motion to strike the name of the respondent, Dean G. Skelos, admitted as Dean George Skelos, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Dean G. Skelos, admitted as Dean George Skelos, is disbarred, effective December 11, 2015, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Dean G. Skelos, admitted as Dean George Skelos, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Dean G. Skelos, admitted as Dean George Skelos, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public

authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dean G. Skelos, admitted as Dean George Skelos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).