[58 NYS3d 375]

In the Matter of FENGLING LIU, an Attorney, Respondent. AT-
TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-
PARTMENT, Petitioner.

First Department, July 18, 2017

46

APPEARANCES OF COUNSEL

*Jorge Dopico*, *Chief Attorney*, *Attorney Grievance Committee*, New York City (*Jun H. Lee* of counsel), for petitioner.

*Fengling Liu*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Fengling Liu was admitted to the practice of law in the State of New York by the Second Judicial Department on January 12, 2000.[1] At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b),[2] disbarring and striking respondent's name from the roll of attorneys following her conviction for conspiracy to commit immigration fraud, a felony. Respondent opposes the motion, and requests that it be adjourned until after her release from prison. For the reasons set forth below, we grant the Committee's motion.

On April 14, 2014, respondent was found guilty, after a jury trial, in the United States District Court for the Southern District of New York, of conspiracy to commit immigration fraud in violation of 18 USC § 371, a felony. Respondent was sentenced to 60 months' imprisonment, followed by three years of supervised release, fined $12,500, and a forfeiture money judgment of $7,245,000 was imposed against her jointly and severally with her codefendants.

Respondent's conviction arises from her participation in a scheme that involved the submission of hundreds of fraudulent asylum applications to federal immigration authorities on behalf of Chinese aliens by two Chinatown law firms operated by respondent. Respondent initially operated a law firm under the name of Law Offices of Feng Ling Liu. Later, she changed the name of the law firm to Moslemi and Associates, Inc. Respondent and her coconspirators created and submitted asylum

---

1. Respondent appears pro se.

2. Judiciary Law § 90 (4) (a) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1) are also applicable.

applications containing false stories of persecution purportedly suffered by alien applicants.[3]

In October 2014, the Committee moved to strike respondent's name from the roll of attorneys, on the grounds that she was convicted of a felony as defined by Judiciary Law § 90 (4) (e), namely, conspiracy to commit immigration fraud, and had therefore been automatically disbarred. This Court denied the motion, with leave to renew upon further explication of the record, because the evidence submitted by the Committee in support of its motion, consisting of the federal indictment, failed to establish that the conduct for which respondent was convicted was essentially similar to the New York felony offense of offering a false statement for filing in the first degree.

By motion dated February 21, 2017, the Committee, pursuant to Judiciary Law § 90 (4) (b), again seeks an order striking respondent's name from the roll of attorneys.

Judiciary Law §§ 90 (4) (a) and (b) provide for the automatic disbarment of an attorney upon their conviction of a felony and state:

> "a. Any person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such.

> "b. Whenever any attorney and counsellor-at-law shall be convicted of a felony as defined in paragraph e of this subdivision, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be struck from the roll of attorneys."

---

**3.** By order of April 19, 2016, respondent was disbarred from practice before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security nunc pro tunc to January 14, 2015, based on her conviction. Respondent has a prior disciplinary history related to her immigration practice. By order of November 22, 2011 (664 F3d 367 [2011]), the U.S. Court of Appeals for the Second Circuit publicly reprimanded respondent for, inter alia, engaging in a pattern of defaults, failing to keep clients apprised of the status of their cases, failing to properly terminate her representation, and failing to supervise a less experienced associate. By order of July 16, 2013, this Court imposed reciprocal discipline and publicly censured respondent (109 AD3d 284 [1st Dept 2013]).

Judiciary Law § 90 (4) (e) defines a felony as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" and is applicable for implementing Judiciary Law § 90 (4) (a) and (b). Thus, a federal felony conviction will result in automatic disbarment if an equivalent felony exists under New York law (*Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

To find that a federal felony has a New York analogy, the federal felony need not be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes, as well as look to our own precedent on this issue. If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution or evidence introduced at trial, read in conjunction with the indictment or information (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Lin*, 110 AD3d 186, 187 [1st Dept 2013]; *Matter of Simels*, 94 AD3d 108, 110-111 [1st Dept 2012]; *Matter of Deutsch*, 286 AD2d 91, 93-95 [1st Dept 2001]).

Respondent was charged with conspiracy under 18 USC § 371, a felony, which provides:

> "[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

The underlying offense respondent conspired to commit, immigration fraud under 18 USC § 1546 (a), provides in pertinent part: "[w]hoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States" is guilty of a felony.

New York's Penal Law § 175.35 provides, in pertinent part:

> "[a] person is guilty of offering a false instrument for filing in the first degree when:

"1. knowing that a written instrument contains a false statement or false information, and with intent to defraud the state or any political subdivision, public authority or public benefit corporation of the state, he or she offers or presents it to a public office, public servant, public authority or public benefit corporation with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office, public servant, public authority or public benefit corporation . . .

"Offering a false instrument for filing in the first degree is a class E felony."

This Court has previously held that the crime of conspiracy to commit immigration fraud has no felony analogue (*see Matter of Christo*, 69 AD3d 157, 158 [1st Dept 2009], *lv dismissed* 14 NY3d 853 [2010]; *Matter of Markovitch*, 191 AD2d 116 [1st Dept 1993]). However, this Court has also previously found federal convictions for conspiracy to commit immigration fraud analogous to a conviction under Penal Law § 175.35 based on plea admissions, read in conjunction with the indictment or information to which the attorney pleaded guilty (*see e.g. Matter of Giles*, 124 AD3d 195 [1st Dept 2014]; *Matter of Lin*, 110 AD3d at 187; *Matter of David*, 102 AD3d 23 [1st Dept 2012]).

At bar, respondent was convicted after trial, where she did not testify, thus, there are no plea admissions. Nevertheless, respondent's conduct as described through evidence and testimony in the trial record, that she supervised and actively participated in the preparation of falsified asylum applications which were filed with immigration authorities, when read in conjunction with the indictment upon which she was found guilty, corresponds to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35). Consequently her conviction is a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (a) and (b) (*see e.g. Matter of Skelos*, 142 AD3d 196 [2d Dept 2016] [trial record established essential similarity between federal felony and New York felony]; *Matter of Simels*, 94 AD3d at 111).

Respondent's former employee testified that he was hired by respondent as a "storywriter" to craft false stories of persecution for clients seeking asylum. He testified that at the time of hiring it was his understanding that the stories he would be writing were "fake." He further testified that during the two

years he worked at the firm, he worked on hundreds of asylum applications and, out of those applications, he believed less than 20 were "real, meaning they stated a real claim for asylum based on actual events." The employee explained that even the applications that were "real" were changed to provide a more sympathetic case or circumvent certain immigration requirements for asylum. The former employee generally testified that respondent supervised him and would review, edit, or provide comments to him as a "storywriter" employee, and he gave specific examples of such conduct.

Another employee, who began as a paralegal and was later admitted to the New York bar, testified that she worked on hundreds of asylum applications during her three years at the firm.[4] She stated that approximately 10% of cases were based on actual facts involving persecution, and that some asylum applications containing actual facts were prepared in a manner to make their stories look better. She also admitted to writing fake attesting letters in support of clients' asylum claims and that these letters were often reviewed and approved by respondent prior to filing with the United States Citizenship and Immigration Services.

In addition to the above witness testimony, the Judge's comments at sentencing further support that respondent's conduct is equivalent to a New York felony. The Judge stated that the evidence established that respondent was the leader of the conspiracy, which had as its goal "to trick immigration officials into granting asylum to countless inapplicable applicants," she "[was] the one who benefitted most from this most egregious effort to defraud our government," and, unlike many of her codefendants who accepted responsibility for their criminal conduct, respondent continued to blame others.

Although respondent opposes the Committee's motion and requests that it be adjourned until after she is released from prison; we find her arguments in support of delaying resolution of this matter unpersuasive.

We further find the evidence at trial demonstrates that respondent supervised the preparation and filing of hundreds of falsified asylum applications and, when read in conjunction with the indictment upon which she was found guilty, the ele-

---

4. The employee pleaded guilty to immigration fraud and conspiracy to commit immigration fraud and was subsequently disbarred by the Second Department based upon her federal conviction (*Matter of Mengfei Yu*, 117 AD3d 143 [2d Dept 2014]).

ments of offering a false instrument for filing in the first degree have been satisfied, warranting her automatic disbarment, and 22 NYCRR 1240.12 (c) (1) provides for striking an attorney's name from the roll of records: "Upon the Court's determination that the respondent has committed a felony within the meaning of Judiciary Law § 90 (4) (e)."

The record of respondent's conviction is "conclusive evidence of [her] guilt" in this disciplinary proceeding and the trial testimony cited by the Committee, read in conjunction with the indictment upon which respondent was found guilty, establishes "essential similarity" between the offenses at issue (22 NYCRR 1240.12 [d]; *Matter of Margiotta*, 60 NY2d at 150).

Accordingly, we grant the Committee's motion to the extent of disbarring respondent and striking her name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (a) and (b) and 22 NYCRR 1240.12 (c) (1) nunc pro tunc to April 14, 2014.

FRIEDMAN, J.P., SWEENY, ANDRIAS, GISCHE and KAPNICK, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 14, 2014.