Matter of Fabrizio (2023 NY Slip Op 04638)

Matter of Fabrizio

2023 NY Slip Op 04638

Decided on September 14, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Justice Presiding
Saliann Scarpulla Manuel Mendez Martin Shulman John R. Higgitt
Justices.

Motion No. 2023-02504 Case No. 2023-02816 

[*1]In the Matter of Steven B. Fabrizio, (admitted as Steven Bernard Fabrizio), An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven B. Fabrizio (OCA Atty. Reg. No. 2282317), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Steven Bernard Fabrizio, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 5, 1989.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent, Steven B. Fabrizio, was admitted to the practice of law in the State of New York by the First Judicial Department on June 5, 1989, under the name Steven Bernard Fabrizio. Respondent's registered address is in Maryland, but this Court retains jurisdiction over him as the admitting Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
On July 30, 2021, respondent pleaded guilty in the District of Columbia Superior Court to two felony offenses, one count of third degree Sexual Abuse and one count of Blackmail in violation of 22 D.C. Code § 3004 (1) and § 3252. In pleading guilty, respondent admitted that he coerced a woman he met over the internet - who had initially agreed to have sex with him for money - to continue having sex with him against her will by sending text messages threatening to divulge to her employer and her parents that she engaged in sex with men for money, unless she continued having sex with him "once or twice a month."
On January 7, 2022, respondent was sentenced on the third degree sexual abuse conviction to 24 months in jail (which was suspended except for 366 days), three years of supervised release (which was also suspended), three years supervised probation, to pay a fine of $100.00, and required to register as a sex offender. Respondent was released from prison on December 16, 2022.
The District of Columbia Court of Appeals filed an order dated December 2, 2021, immediately suspending respondent from the practice of law pending resolution of the matter. On October 24, 2022, respondent executed an Affidavit of Compliance with D.C. Bar Rule XI §14, acknowledging he was suspended by the District of Colombia Court of Appeals, and a notice that he would not file any exceptions to the Report and Recommendations of the Board of Professional Responsibility. The felony offenses were deemed to be "serious crimes" that constitute "moral turpitude per se" within the meaning of D.C. Code §11-2503(a), mandating automatic disbarment. By Order filed on December 8, 2022, the District of Columbia Court of Appeals disbarred respondent from the practice of law in that jurisdiction nunc pro tunc to October 24, 2022.
In an order dated March 31, 2023, the Supreme Court of Pennsylvania imposed reciprocal discipline and disbarred respondent from the practice of law in the Commonwealth of Pennsylvania.
The Attorney Grievance Committee (AGC) now moves for [*2]an order pursuant to Judiciary Law § 90 (4)(a) and (b) and 22 NYCRR 1240.12 (c) (1), striking respondent's name from the roll of attorneys in the State of New York upon his conviction of a felony. The AGC asserts that respondent's felony conviction for third degree sexual abuse in the District of Columbia is relatively similar to sexual abuse in the first degree (Penal Law 130.65(1)) and constitutes a felony in New York State, warranting automatic disbarment. 
By telephone conversation on May 22, 2023, respondent consented to being served with a copy of this motion by email and first class mail to his address in Chevy Chase, Maryland. Respondent did not oppose the motion, or otherwise appear in this proceeding.
Pursuant to Judiciary Law § 90(4)(e) automatic disbarment applies if, an attorney is convicted of a "felony" which is defined as "any criminal offense committed in any other state classified as a felony therein which if committed within this state would constitute a felony in this state" (see Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). A felony in the other jurisdiction does not have to be the mirror image of a felony in New York but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable out-of-state and New York felony statutes, as well as look to our own precedent on this issue. Similarity can also be established by admissions made under oath during a plea allocution or evidence adduced at trial, read in conjunction with the indictment or information (see Matter of Fengling Liu, 153 AD3d 45, 48 [1st Dept 2017]; Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Lin, 110 AD3d 186, 187 [1st Dept 2013]).
Disbarment, as requested by the AGC, is the appropriate sanction. Although not previously compared, the two criminal statutes at issue are essentially similar (Matter of Crommelin, 226 AD2d 44 [1st Dept 1996]).
Accordingly, the AGC's motion pursuant to Judiciary Law § 90 (4)(a) and (b) and 22 NYCRR 1240.12 (c)(1) should be granted, respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 30, 2021.
All concur.
It is Ordered that the motion of the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90 (4)(a) and (b) and 22 NYCRR 1240.12(c)(1) is granted, and respondent Steven B. Fabrizio, admitted as Steven Bernard Fabrizio, is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to July 30, 2021, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent Steven B. Fabrizio, admitted as Steven Bernard Fabrizio, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission[*3], or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Steven B. Fabrizio, admitted as Steven Bernard Fabrizio, is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Steven B. Fabrizio, admitted as Steven Bernard Fabrizio, has been issued a secure pass by the Office of Court Administration, he shall return it forthwith to the issuing agency.
Entered: September 14, 2023