Matter of Cutler (2023 NY Slip Op 04637)

Matter of Cutler

2023 NY Slip Op 04637

Decided on September 14, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Ellen Gesmer
Saliann Scarpulla Manuel Mendez Martin Shulman John R. Higgitt

Motion No. 2023-02631 Case No. 2023-02749 

[*1]In the Matter of Eliot R. Cutler, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Eliot R. Cutler, (OCA Atty. Reg. No. 1303189), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Eliot R. Cutler, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 12, 1975.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, Esq., of counsel), for petitioner.
Respondent, pro se.

PER CURIAM 

Respondent Eliot R. Cutler was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 1975. Respondent's registered address is in Maine. This Court retains jurisdiction over respondent as the admitting Judicial Department (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On May 4, 2023, respondent pleaded guilty in Maine Superior Court to four counts of possession of sexually explicit material in violation of 17-A Maine Revised Statutes § 284(1)(C). Respondent's conviction stemmed from his possession of thousands of images and videos of young children — mostly under the age of 12 — being sexually abused, which he downloaded from the Internet between 2014 and 2021 and stored on his electronic devices. On the same day, respondent was sentenced to four years' incarceration, all but nine months of which was suspended, six years' probation, and lifetime registration as a sex offender.
The Attorney Grievance Committee (AGC) seeks an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1), striking respondent's name from the roll of attorneys in the State of New York upon his conviction of a felony.[FN1] The AGC asserts that respondent's conviction for possession of sexually explicit material in Maine is equivalent to possessing a sexual performance by a child (Penal Law § 263.16) and constitutes a felony in New York, warranting automatic disbarment.
In the alternative, the AGC requests that respondent's conviction be deemed a "serious crime," and that upon such a determination he be immediately suspended, and this matter be referred for a sanction hearing (see Judiciary Law § 90[4][d], [f]).
Respondent's counsel agreed to accept service of this motion electronically. Respondent has not filed opposition to the motion.
Pursuant to Judiciary Law § 90(4)(a), automatic disbarment applies if an attorney is convicted of a "felony" which is defined as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state . . . and classified as a felony therein which if committed within this state, would constitute a felony in this state" (see Judiciary Law §90(4)(e); Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). A felony in the other jurisdiction does not have to be the mirror image of a felony in New York but must be "essentially similar" (Rosenthal, 64 AD3d at 18). Thus, we must [*2]compare the applicable out-of-state and New York felony statutes, as well as look to our own precedent. Similarity can also be established by admissions made under oath during a plea allocution or evidence adduced at trial, read in conjunction with the indictment or information (see Matter of Fengling Liu, 153 AD3d 45, 48 [1st Dept 2017]; Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Lin, 110 AD3d 186, 187 [1st Dept 2013]).
Although this Court has not previously compared the two criminal statutes at issue, they are essentially similar. Both statutes proscribe the same conduct, namely, possessing or accessing with intent to view sexually explicit images involving children. Further, even if the statutory language alone was insufficient to support automatic disbarment, respondent's plea allocution — in which he admitted the accuracy of the prosecutor's factual recitation that "roughly 83,780 of [his] files contained child pornography where the children were under age 12" — read in conjunction with the complaint to which respondent pleaded guilty, would establish essential similarity.
Based on the foregoing, Maine's crime of possession of sexually explicit materials is "essentially similar" to New York's felony of possessing a sexual performance by a child. Given our determination, we do not reach the AGC's alternate request for "serious crime" related relief.
Accordingly, the AGC's motion pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1) should be granted, respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 4, 2023.
All concur.
It is Ordered that the motion of the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(a) and (b) and 22 NYCRR 1240.12(c)(1) is granted and respondent, Eliot R. Cutler, is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 4, 2023, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent, Eliot R. Cutler, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Eliot R. Cutler, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Eliot R. Cutler, has been issued a secure pass by the Office of Court Administration, he shall return it forthwith to the issuing agency.
Entered: September [*3]14, 2023

Footnotes

Footnote 1: Although Maine does not classify crimes as felonies and misdemeanors, the crime to which respondent pleaded guilty meets the definition of a felony since the maximum term of imprisonment is five years (see 17-A Maine Rev Stat §§ 284[1][C], 1604[1][C]).