[997 NYS2d 484]

In the Matter of FREDDY JACOBS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 3, 2014

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa Broder* of counsel), for petitioner.

*Richard M. Maltz,* New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

On July 2, 2013, the respondent pleaded guilty, before the Honorable Robert P. Patterson, Jr., in the United Stated District Court for the Southern District of New York, to conspiracy to commit immigration fraud, in violation of 18 USC § 371. On October 18, 2013, he was sentenced to a period of incarceration of 24 months, a special assessment of $100, and forfeiture of the sum of $78,200.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

In determining whether a foreign felony is essentially similar to a New York felony, this Court may consider other factors, including the plea allocution and/or trial record (*see Matter of Woghin,* 64 AD3d 5 [2009]; *Matter of Port,* 57 AD3d 139 [2008]; *Matter of Ashley,* 263 AD2d 70 [1999]). At his plea allocution, in response to the court's question as to what acts he committed, the respondent stated that

> "while working on asylum applications, I came to believe with a high probability that the applications were false; that I did not investigate into the v[e]racity or truthfulness . . . of the application[s], and I continued to work on the application[s]; and that I knew that the preparers of the application[s] had prepared false applications. And, yet, I continued to work on the applications, and I agreed with them to work on the applications . . . [a]nd to have them submitted to the [United States Citizenship and Immigration Services], and this took place in Manhattan."

The federal felony of conspiracy to commit immigration fraud, in violation of 18 USC § 371, has been held to be essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Lin*, 110 AD3d 186 [2013]; *Matter of David*, 102 AD3d 23 [2012]; *Matter of Diaz*, 98 AD3d 158 [2012]). Based on the conduct the respondent admitted at his plea, we find that the subject offense, conspiracy to commit immigration fraud, in violation of 18 USC § 371, is essentially similar to the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35. We reject the respondent's contention that the subject offense is only a "serious crime" (Judiciary Law § 90 [4] [d]; *see* 22 NYCRR 691.7), and not a felony.

By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

Accordingly, the motion to strike respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's automatic disbarment on July 2, 2013.

ENG, P.J., MASTRO, RIVERA, SKELOS and COHEN JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Freddy Jacobs, is disbarred, effective July 2, 2013, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Freddy Jacobs, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Freddy Jacobs, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Freddy Jacobs, has been issued a secure pass by the Office of Court Administration, it

shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).