[13 NYS3d 174]

In the Matter of ELLIOT S. FISHER (Admitted as ELLIOT STEPHEN FISHER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 1, 2015

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Elliot S. Fisher*, Philadelphia, Pennsylvania, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

On January 19, 1999, the respondent entered a plea of guilty, in the United States District Court for the Eastern District of Pennsylvania, to one count of conspiracy to commit securities fraud and to make misleading statements to auditors, in violation of 18 USC § 371. On March 16, 2001, the respondent was sentenced by the Honorable Robert F. Kelly to a term of imprisonment of six months. In addition, the respondent was sentenced to a period of three years of supervised release, and was directed to pay an assessment fee in the amount of $50, a fine in the amount of $10,000, and restitution in the amount of $340,000. There is no record of the respondent having notified this Court of his conviction.

The Grievance Committee for the Ninth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law based upon his federal felony conviction. The respondent has filed an affidavit of no contest/ resignation, in which he states that he does not contest the Grievance Committee's motion to strike; however, if this Court determines that his conviction does not to qualify for automatic disbarment, he requests that this Court accept his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

A federal felony conviction does not trigger automatic discipline unless the offense would constitute a felony under the New York Penal Law (*see* Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony, but it must be "essentially similar" to trigger automatic disbarment (*Matter of Margiotta*, 60 NY2d 147, 149, 150 [1983]). In determining whether a federal felony is essentially similar to a New York felony, this Court may consider the attorney's plea allocution (*see Matter of Woghin*, 64 AD3d 5 [2009]).

In the decisions of this Court cited by the Grievance Committee in support of its motion, a conviction under 18 USC § 371 was found to be essentially similar to a New York felony in light of the admissions made by the attorney upon his or her plea, and as evidenced by the transcript of the plea proceeding (*see Matter of Jacobs*, 124 AD3d 144 [2014]; *Matter of Goldner*, 70 AD3d 236 [2009]; *Matter of Lorenzo*, 276 AD2d 223 [2000]). Here, the Grievance Committee has submitted copies of the indictment and the judgment of conviction. However, as a result of the respondent's failure to report his conviction and the passage of 16 years since he was convicted, the Grievance Committee was unable to obtain transcripts or other evidence of the respondent's admissions made during the course of his plea proceeding or at the sentencing proceeding. Therefore, we conclude that the judgment reflecting the respondent's conviction of one count of conspiracy to commit securities fraud and to making misleading statements to auditors, in violation of 18 USC § 371, without more, does not warrant automatic discipline pursuant to Judiciary Law § 90 (4) (a). Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law must be denied.

Inasmuch as the crime of which the respondent was convicted is a felony under federal law, but not New York law, it is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), warranting his immediate suspension pursuant to Judiciary Law § 90 (4) (f). In such case, the respondent requests that this Court accept his affidavit of resignation, in which he avers that he would not be able to successfully defend himself on the merits against the factual allegations contained in the Grievance Committee's motion or any attorney disciplinary charges that might be filed against him on the basis of those allegations. The respondent avers that his resignation is freely

and voluntarily tendered, and that he is not being subjected to coercion or duress by anyone. He is fully aware of the implications of submitting his resignation, including the fact that he is barred from applying for reinstatement for a minimum period of seven years. His resignation is submitted subject to any application that may be made by the Grievance Committee for an order directing that he make restitution, and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department, to make such an order, which may be entered as a civil judgment against him, pursuant to Judiciary Law § 90 (6-a) (d), and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, SKELOS, DILLON and CHAMBERS, JJ., concur.

Ordered that the motion to strike the name of the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, from the roll of attorneys and counselors-at-law is denied; and it is further,

Ordered that the resignation of the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Elliot S. Fisher, admitted as Elliot Stephen Fisher, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).