Matter of Dzhamgarova (2023 NY Slip Op 06738)

Matter of Dzhamgarova

2023 NY Slip Op 06738

Decided on December 27, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
HELEN VOUTSINAS, JJ.

2023-02540

[*1]In the Matter of Ilona Dzhamgarova, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Ilona Dzhamgarova, respondent. (Attorney Registration No. 4511424)

MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon her conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on June 26, 2007.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Aidala, Bertuna, and Kamins, P.C., New York, NY (Barry Kamins of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
On January 25, 2023, in the United States District Court for the Southern District of New York, before the Honorable Mary Kay Vyskocil, the respondent was convicted, upon a plea of guilty, of conspiracy to commit immigration fraud, in violation of 18 USC §§ 371 and 1546(a). On May 31, 2023, the respondent was sentenced to 24 months of imprisonment, plus 2 years postrelease supervision and a $15,000 fine.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon her conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that courts have previously held that the federal felony of conspiracy to commit immigration fraud, under 18 USC §§ 371 and 1546(a), is essentially similar to the New York felony of offering a false instrument for filing in the first degree under Penal Law § 175.35 (see Matter of Liu, 153 AD3d 45). Therefore, upon the respondent's federal felony conviction, she was automatically disbarred under Judiciary Law § 90(4), such that the motion to strike is a mere formality of recording the existing fact of disbarment, and the respondent has no right to a hearing.
In this case, the respondent was charged with advising clients to falsely claim that they were persecuted in their home countries for their sexual orientation, knowing that such persecution did not take place. The respondent was also personally charged with instructing clients to provide false evidence in furtherance of their false asylum applications. Specifically, the respondent instructed her clients to claim that they were a gay male or a lesbian female when the respondent knew that they were not. She then instructed her clients to obtain a membership card from a particular lesbian, gay, bisexual, and transgender organization to include in their asylum applications. She further instructed one client to find a same sex associate to pose as the client's love interest, have the fake love interest sign a false affidavit that the respondent's law firm would prepare, and the respondent would include the false affidavit in the client's asylum application. The respondent allocuted that,
"During the period of 2016 to 2020, I, along with others, did agree to submit the 539 application and the client's affidavit. I knew that some of the affidavits contained false facts. We submitted this affidavit in order for the clients to receive an asylum status in the United States. These documents were filed under the oath, and I knew that they contained material false information."
The respondent opposes the motion and argues that her plea admissions are not sufficient to establish an "essential similarity" between the federal felony of which she was convicted and any New York State felony. The respondent contends that her admission of agreeing to commit immigration fraud amounts to the New York class A misdemeanor of conspiracy in the fifth degree, in violation of Penal Law § 105.05. As such, the respondent argues that the plea admission, taken in conjunction with the indictment, does not establish an "essential similarity" to any New York State felony, or, in the alternative, that the subject offense is only a "serious crime" within the meaning of Judiciary Law § 90(4)(d).
Findings and Conclusion
We conclude that the criminal conduct underlying the respondent's conviction of conspiracy to commit immigration fraud, in violation of 18 USC §§ 371 and 1546(a), is essentially similar to the New York felony of offering a false instrument for filing under Penal Law § 175.35, and, thus, constitutes a felony within the meaning of Judiciary Law § 90(4)(e) (see Matter of Jacobs, 124 AD3d 144). The respondent did not merely agree to commit immigration fraud; she admitted to actually submitting applications with false affidavits. As such, upon her conviction of conspiracy to commit immigration fraud, in violation of 18 USC §§ 371 and 1546(a), the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of January 25, 2023.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY, and VOUTSINAS, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Ilona Dzhamgarova, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Ilona Dzhamgarova, is disbarred, effective January 25, 2023, and her name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Ilona Dzhamgarova, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Ilona Dzhamgarova, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Ilona Dzhamgarova, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court