Matter of Arcadian (2024 NY Slip Op 00903)

Matter of Arcadian

2024 NY Slip Op 00903

Decided on February 21, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
HELEN VOUTSINAS, JJ.

2023-02541

[*1]In the Matter of Arthur Arcadian, admitted as Artur Sutyushev, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Arthur Arcadian, respondent. (Attorney Registration No. 4584702)

MOTION by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 7, 2008, under the name Artur Sutyushev.

Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On January 25, 2023, in the United States District Court for the Southern District of New York, before the Honorable Mary Kay Vyskocil, the respondent was convicted, upon his plea of guilty, of conspiracy to commit immigration fraud, in violation of 18 USC §§ 371 and 1546(a). On May 31, 2023, the respondent was sentenced to a period of incarceration of six months, to be followed by a period of postrelease supervision of two years, and a $5,000 fine.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90(4) based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counsellor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counsellor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee asserts, inter alia, that courts have previously held that the federal felony of conspiracy to commit immigration fraud, under 18 USC §§ 371 and 1546(a), is [*2]essentially similar to the New York felony of offering a false instrument for filing in the first degree under Penal Law § 175.35 (see Matter of Liu, 153 AD3d 45). Therefore, the Grievance Committee contends that, upon the respondent's federal felony conviction, he was automatically disbarred under Judiciary Law § 90(4), that the motion to strike is a mere formality of recording the existing fact of disbarment, and that the respondent has no right to a hearing.
During the respondent's plea allocution, he admitted to agreeing with others to commit immigration fraud. The respondent further admitted that he was aware that a client was going to lie under oath during an interview with an asylum officer with the United States Citizenship and Immigration Services, that he had coached the client on how to lie, and that he submitted false testimony and an affidavit from his client to the asylum officer, knowing they contained false information.
We conclude that the criminal conduct underlying the respondent's conviction of conspiracy to commit immigration fraud, in violation of 18 USC §§ 371 and 1546(a), is essentially similar to the New York felony of offering a false instrument for filing in the first degree under Penal Law § 175.35, and constitutes a felony within the meaning of Judiciary Law § 90(4)(e) (see Matter of Jacobs, 124 AD3d 144). As such, upon his conviction of that crime, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the unopposed motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of January 25, 2023.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and VOUTSINAS, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, Arthur Arcadian, admitted as Artur Sutyushev, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Arthur Arcadian, admitted as Artur Sutyushev, is disbarred, effective January 25, 2023, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, Arthur Arcadian, admitted as Artur Sutyushev, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Arthur Arcadian, admitted as Artur Sutyushev, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Arthur Arcadian, admitted as Artur Sutyushev, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER
Darrell M. Joseph
Acting Clerk of the Court